#10(10/31 HRG OFF)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-05594 PSG (SS) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Page v. Knowledge Universe Education, LLC DBA KinderCare | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):    Order GRANTING Motion to Remand**

Before the Court is Plaintiff Cathy Page's motion to remand this action to state court. *See* Dkt. # 10. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments raised by the parties, the Court GRANTS Plaintiff's motion to remand.

I.    <u>Background</u>

Plaintiff Cathy Page commenced this action by filing a complaint in California state court on April 13, 2015. *See Complaint*, Dkt. # 1, Ex. A. The complaint alleges state law causes of action for employment discrimination. *Id.* After three rounds of demurrers and amended complaints in state court, Defendant KinderCare EDUCATION LLC filed a Notice of Removal ("NOR") with this Court on July 27, 2016. *See* Dkt. # 1. Although more than a year has passed since Plaintiff commenced this action in state court, Defendant asserts that removal is timely and proper based on diversity jurisdiction because Defendant did not know that the parties were diverse until Plaintiff filed a third amended complaint. *See NOR* ¶¶ 17-20; *see also* 28 U.S.C. § 1332. Specifically, in a move of heretofore unheard of ingenuity, Defendant alleges that it did not know its *own* citizenship until Plaintiff asserted it in an amended complaint. *See NOR* ¶¶ 18, 20 ("At no time has the Plaintiff identified the citizenship of the Defendant and as such, the limitations period has not yet run on removal to federal court."). Defendant also alleges that Plaintiff acted in "bad faith" in blocking removal because she repeatedly failed to identify Defendant by its proper legal name and added individual defendants to her second amended complaint without designating the individual defendants' citizenships. *See NOR* ¶ 23; *Opposition* 5:5-19.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-05594 PSG (SS) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Page v. Knowledge Universe Education, LLC DBA KinderCare | | |

Plaintiff's motion to remand attaches the minutes of the state court proceedings in this case. *See Mot.*, Ex. A. In the minutes, Judge Vincent O'Neill admonishes Defendant for continuing to sow confusion about its legal name and for causing Plaintiff to file multiple amended complaints for the sole purpose of stating Defendant's proper name. Judge O'Neill observed:

> There is no real uncertainty as to whom Plaintiff is suing in this action: her employer. The fact is clear from Plaintiff's allegations as set forth in her original Complaint, and all subsequent amended pleadings. Since Defendant *is* that employer, it has not been misled by Plaintiff's use of an incorrect name in the Third Amended Complaint.
>
> Moreover, Plaintiff's confusion as to Defendant's correct name is at least partially attributable to Defendant's own conduct. . . . Apparently at some point during the pendency of this action Defendant changed its name. In any event, Plaintiff's confusion as to Defendant's correct name is understandable.

*Id.* Plaintiff filed this motion to remand on August 26, 2016. *See* Dkt. # 10. The sole issue now before the Court is whether removal was timely.

### II.    Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). If, at any time before final judgment, it appears a removing court lacks subject matter jurisdiction, the case shall be remanded to state court. *See* 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, which means that the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Moreover, the removal statute is strictly construed against removal and removal must be rejected if there is any doubt as to the propriety of removal. *See id.*

### III.    Discussion

Under 28 U.S.C. § 1446(c)(1), a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-05594 PSG (SS) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Page v. Knowledge Universe Education, LLC DBA KinderCare | | |

28 U.S.C. § 1446(c)(1).  Because this motion to remand is based on a defect other than lack of subject matter jurisdiction, the federal rules further require Plaintiff to have filed this motion within thirty days after Defendant filed its NOR.  *See* 28 U.S.C. § 1447(c).

Defendant removed this case to federal court fifteen months after Plaintiff commenced this action in state court.  *See* Dkt. #1.  Plaintiff moved to remand within thirty days of removal, so this motion is timely.  *See* Dkt. #10.  Although Defendant alleges that Plaintiff's bad faith led to the late filing of the NOR, *see NOR* ¶ 22, the Court finds this argument untenable.  As Judge O'Neill observed, there has never been any real doubt about who the Defendant was in this case. *See Mot.*, Ex. A.  Moreover, Defendant has given the Court absolutely no reason to believe that Plaintiff acted in bad faith in blocking removal.  For Defendant to allege otherwise now borders on conduct warranting sanctions.

IV.   <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.

**IT IS SO ORDERED.**